IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROKISHA T. MYLES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-985-M-BN |
| | § | |
| NATIONAL ASSOCIATION OF | § | |
| LETTER CARRIERS #132, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b). Plaintiff Rokisha T. Myles, proceeding *pro se* and *in forma pauperis*, *see* Dkt. No. 18, has filed a motion requesting summary judgment by default, explaining that she is entitled to this relief because, although she contacted the Court and was informed that an answer was filed, she had not yet received the answer through the mail. *See* Dkt. No. 28. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

On September 26, 2014, the Court authorized the Clerk to issue summons and directed that the United States Marshal serve process on Defendant National Association of Letters Carriers, Local 132. *See* Dkt. No. 18. Personal services was accomplished on October 10, 2014, *see* Dkt. No. 21, and Defendant filed its answer [Dkt. No. 23] on October 30, 2014. The certificate of service at the conclusion of the

answer provides that, "[i]n the event *pro se* Plaintiff Rokisha Myles has not registered as an ECF user in this District, she is also being served [the answer] via USPS certified mail [return receipt requested]" at the address Plaintiff provided the Court. *Id.* at 5.

On November 17, 2014, in response to Plaintiff's motion, the Court ordered Defendant to confirm whether the answer was sent certified mail/return receipt requested through the United States Postal Service, as reported in the certificate of service. *See* Dkt. No. 29. Defendant responded on November 21, 2014, *see* Dkt. Nos. 30 & 31, and, through the declaration of its counsel, confirmed that the answer was served as indicated in the certificate of service:

> As noted therein [counsel for Defendant, Sanford R. Denison,] served the Answer by the U.S. Postal Service, Certified Mail, Return Receipt Requested, on October 30, 2014.... [T]he envelope [containing Defendant's] Answer was mailed to [Plaintiff] ... at 1442 Macy Lane, Dallas, Texas 75253[, which is the address Plaintiff has provided to the Court].

Dkt. No. 31-1, ¶ 2.

As further provided in counsel's declaration, after the answer was deposited in the mail, it was misdirected and traveled from Texas to New York and then from New York to Michigan, before being returned to counsel on November 20, 2014. *See id.*, ¶ 3.

On December 1, 2014, Plaintiff filed a motion requesting the status of her motion. *See* Dkt. No. 32. The next day, the undersigned entered an order [Dkt. No. 33] explaining that it was the Court's expectation that, after the parties met and conferred

pursuant to Federal Rule of Civil Procedure 26(f) – no later than November 24, 2014, *see* Dkt. No. 26 at 1 – Plaintiff might be willing to withdraw her motion for default. *See* Dkt. No. 33 at 3 (also noting that the deadline to file the parties' joint Rule 26(f) status report, December 15, 2014, had not yet passed). The undersigned further explained that, for the same reasons explained below, if Plaintiff was not willing to withdraw her motion, he would expect, based on the record then (and now) before the Court, to recommend to United States District Judge Barbara M.G. Lynn that Plaintiff's motion requesting summary judgment by default [Dkt. No. 28] be denied.

On December 11, 2014, Plaintiff filed a response to the Court's December 2, 2014 Order indicating that she did not intend to withdraw her motion. *See* Dkt. No. 34; *see also* Dkt. No. 35 (the parties' joint status report) at 4.

The undersigned now concludes that Plaintiff's motion requesting summary judgment by default [Dkt. No. 28] should be denied.

**Legal Standards and Analysis**

As Plaintiff indicates in her motion for status, she received the answer on November 22, 2014. *See* Dkt. No. 32 at 6. But receipt is not required to perfect service by mail. And a plaintiff is certainly not entitled to default judgment just because she did not receive an answer served by mail within the usual time in which a responsive pleading is due.

Federal Rule of Civil Procedure 12 provides that a defendant generally must serve its responsive pleading within 21 days after being served with the summons and complaint. *See* FED. R. CIV .P. 12(a)(1)(A). Based on the summons returned executed

to this Court, the complaint was served on October 10, 2014. *See* Dkt. No. 21. The answer filed on October 30, 2014, *see* Dkt. No. 23, and service on Plaintiff by U.S. Mail the same day, *see id.* at 5; Dkt. No. 31-1, was therefore timely, *see* FED. R. CIV. P. 5(b)(2)(C) ("A paper is served under this rule by ... mailing it to the person's last known address – in which event service is complete upon mailing."); *Wasserman v. Long*, Nos. 3:07-cv-1091-WKW, 3:07-cv-1092-WKW, 2008 WL 696896, at *3 (M.D. Ala. Mar. 13, 2008) (where a pleading's certificate of service, signed by counsel, indicates it was mailed on a date certain, and "[t]here is no evidence that the[] pleading[ was] not mailed, but only that plaintiffs did not receive [it,] ... service of a pleading by mail is complete upon mailing. Thus, even if plaintiffs did not receive the documents, service upon them was complete on [the date indicated in the certificate of service]." (citing FED. R. CIV. P. 5(b)(2)(C))).

Accordingly, a motion requesting default judgment because a plaintiff did not receive an answer served by mail within the usual time in which a responsive pleading is due should be denied. *See Dunlap v. United Parcel Serv., Inc.*, No. 3:11–cv–179–RJC–DCK, 2012 WL 300719, at *1 (W.D.N.C. Feb. 1, 2012) (denying a similar *pro se* motion for default judgment that was based on the "flawed" premise that, because the plaintiff did not receive the motion to dismiss until "one day after the responsive pleading deadline, she is entitled to entry of default judgment"); *cf. Castodio v. Grounds*, No. C 13–713 SI (pr), 2013 WL 3815664, at *4 (N.D. Cal. July 21, 2013) (denying motion for default after noting, "Sending the answer to Castodio by mail was acceptable compliance with the court's order. There is no requirement that one mail

a document early to reach the opposing party by the deadline set for filing ...." (citing FED. R. CIV. P. 5(b)(2)(C))).

## Recommendation

Plaintiff's motion requesting summary judgment by default [Dkt. No. 28] should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 17, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE